NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0052n.06

Case No. 17-3539

**FILED**
Jan 29, 2018
DEBORAH S. HUNT, Clerk

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| MYRON KNIGHT and | ) | |
| ROYCE DICKERSON, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| Plaintiffs-Appellants, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| v. | ) | |
| | ) | |
| IDEA BUYER, LLC *et al.*, | ) | OPINION |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**BEFORE**: **BATCHELDER**, **GILMAN, and ROGERS, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** Myron Knight and Royce Dickerson (the Plaintiffs) filed this class-action lawsuit on behalf of themselves and other similarly situated customers against the invention promoter Idea Buyer, LLC and certain of its officers and employees. They allege that Idea Buyer violated the American Inventors Protection Act (AIPA), 35 U.S.C. § 297. Idea Buyer, like all invention promoters, seeks to find "a firm, corporation, or other entity to develop and market products or services that include" its customers' inventions. *See id.* § 297(c)(4). Before an invention promoter enters into a contract with a customer, the AIPA requires that the promoter disclose information about the number of inventions it has evaluated, its total number of customers, and the financial benefits it has secured for those

customers. *Id.* § 297(a). The Plaintiffs allege that Idea Buyer failed to make the required disclosures before contracting with them.

In the district court, Idea Buyer filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that an arbitration provision in the Fast Track Agreement that each Plaintiff entered into requires that the claims be arbitrated. The arbitration provision mandates that "[a]ny and all disputes . . . concerning th[e] Agreement or performance under th[e] Agreement" be submitted to binding arbitration. In a thorough and comprehensive opinion, the district court agreed with Idea Buyer and dismissed the case for lack of jurisdiction. After carefully considering the record on appeal, the briefs of the parties, and the applicable law, we are satisfied that dismissal was proper.

We note, however, that Idea Buyer's Rule 12(b)(1) motion was the improper vehicle through which to seek dismissal, although that selection is not fatal to its litigation objectives. The Supreme Court has admonished courts to avoid "drive-by jurisdictional rulings," in which courts fail to properly distinguish dismissal for lack of subject-matter jurisdiction from failure to state a claim. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006). In that vein, this court has held that a party's "failure to pursue arbitration" in spite of a compulsory arbitration provision means that the party "has failed to state a claim," meaning that a motion to dismiss on such grounds is "properly construed as a motion . . . under Rule 12(b)(6)." *Teamsters Local Union 480 v. United Parcel Serv., Inc.*, 748 F.3d 281, 286 (6th Cir. 2014). A motion to dismiss pursuant to an arbitration agreement should therefore be construed as a Rule 12(b)(6) motion even if it is mislabeled as a Rule 12(b)(1) motion. *See id.*

Moving now beyond the proper technical basis to dismiss the Plaintiffs' claim, we find no fault with the district court's decision on the merits. A brief explanation of why we agree with its reasoning follows.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, governs the enforceability of the arbitration provision. The FAA provides that arbitration agreements in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* at § 2. This reflects a "strong federal policy in favor of arbitration." *Nestle Waters N. Am., Inc. v. Bollman*, 505 F.3d 498, 503 (6th Cir. 2007). The FAA's mandate favoring arbitration, however, can be "overridden by a contrary congressional command." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987).

The Plaintiffs argue that their claims are not arbitrable because the Fast Track Agreement was entered into without any meeting of the minds. They also argue that the arbitration provision is inapplicable to their AIPA claims because (1) the statute's text evinces Congress's clear intent that such claims be nonarbitrable, and (2) subjecting such claims to arbitration would undermine the statute's consumer-protection purpose.

The Plaintiffs' argument regarding the unenforceability of the arbitration provision due to the overarching unenforceability of the Fast Track Agreement fails. "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). When plaintiffs challenge the validity of the contract as a whole, rather than merely the validity of an arbitration clause within the contract, "the issue of the contract's validity is considered by the arbitrator in the first instance." *Id.* at 446. Because the Plaintiffs have challenged the Fast Track Agreement

as a whole, this challenge "should therefore be considered by an arbitrator, not a court." *See id.*; *see also Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 453 (6th Cir. 2005) ("The FAA does not permit the courts to examine the enforceability of contracts containing arbitration provisions.").

Nor do the Plaintiffs' arguments regarding the inapplicability of the arbitration provision to their AIPA claims have merit. They argue that the AIPA's text prohibits arbitration because the word "court" is used repeatedly in the cause of action that appears in the statute. *See* 35 U.S.C. § 297(b). But the Supreme Court roundly rejected that argument in the context of another consumer-protection statute, holding that "[i]t is utterly commonplace for statutes that create civil causes of action to describe the details of those causes of action . . . in the context of a court suit," and that "repeated use of the term[] . . . 'court' " cannot override the FAA's policy favoring arbitration. *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 100–01 (2012).

Similarly, the Plaintiffs' contention that subjecting AIPA claims to arbitration would undermine the consumer-protection purpose of the statute is belied by the Supreme Court's numerous decisions holding that claims under federal consumer-protection statutes are arbitrable. *See, e.g.*, *id.* at 104 (holding that claims under the Credit Repair Organization Act are arbitrable); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 90–92 (2000) (holding that claims under the Truth in Lending Act are arbitrable); *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 481 (1989) (holding that claims under the Securities Act of 1933 are arbitrable).

In sum, the Plaintiffs have failed to allege a specific defense to the arbitration provision itself and have not identified any evidence that establishes a clear congressional intent that AIPA claims are nonarbitrable. We therefore **AFFIRM** the judgment of the district court.